Curia, per ButleR, J.
Under no view of the pleadings, in this case, could the defendant have been deprived -of his right to have his defence tried on its merits. He -contended that he had made a partial payment on the .judgment, which had not been credited. It was in his power at any time to have a rule served on the plaintiff to shew cause why the payment contended for should not he applied, at the time it was made.
In cases of partial payments on judgments, this is the most approved and regular course of proceeding. The plea of payment to a judgment, is one in bar, and should go to the entire amount of the judgment; Anderson vs. *79 Gage, Dud. 319. Such plea was filed in this case, and the defendant gave notice that he would also rely on his payment by way of discount. This could only serve as notice of his demand, and ought not to have subjected it to the disadvantageous incidents of a discount, in its proper sense, for as such it would have been barred by the statute of limitations. The case was developed according the facts and not in reference to the state of the pleadings. The inquiry for the jury was to astertain and determine whether the defendant was entitled to any sum, and what amount, by way of partial payment. Although they attained their conclusion without a rule, as would have been more regular, they did so under the same state of facts as would have come out under such rule. No objection having been taken to the testimony when it. was offered, it properly went to the jury.
The circumstances under which the witness was allowed to explain his evidence, were such as to justify the course pursued by the presiding Judge. '
Motion refused.
RichaRdson, O’Neall, Evans, Wardlaw and Frost,, JJ. concurred.